Cunningham, P. J.,
rendered the opinion of the court.
Defendant in error, as plaintiff below, had judgment against plaintiff in error, as defendant below, for $2,812.50. The action was based upon a claim made by the plaintiff for services alleged to have been rendered by it as a real estate agent for the defendant. It is clear that defendant’s property was traded for other property; that plaintiff was instrumental in bringing about the trade so effected; that the terms and provisions thereof were satisfactory to the defendant; that he assented thereto, and thereafter made the trade in accordance therewith. There is no contention as to the amount of commission the plaintiff is entitled to collect, or receive from defendant, if it is entitled to any commission whatever from him. There are no questions of law involved requiring our consideration. The sole contention made by the defendant is that the plaintiff did not represent him in the transaction, but that it represented the other parties to whom he, defendant, transferred his property. Neither under the pleadings or the proof is the question of a double commission raised; that is to say, there *29 is no allegation in the answer that the plaintiff received or was to receive any compensation from the party to whom the property of the defendant was transferred, and there was no attempt made by the defendant on the trial to prove that plaintiff received or was to receive any commission from his, defendant’s, grantees; while the plaintiff’s proof establishes that it in fact did receive no such commission, and that it had no arrangement with defendant’s grantees, or their agent, whereby it was to receive, directly or indirectly, a commission from them.
Decided December 14, A. D. 1914.
Rehearing denied February 8, A. D. 1915.
Whether the plaintiff represented the defendant in the transaction whereby the latter’s property was disposed of was sharply contested on the.trial; indeed, as .we have, already said, this was practically the sole issue. This issue was submitted to the jury, under proper instructions, and they must, therefore, have found that the plaintiff did represent the defendant. There is evidence in the record suf-„ ficient to support such finding, and for this reason the judgment of the trial court will not be disturbed. No good purpose would be served by a discussion of the evidence offered by the parties on the trial.
Complaint is made by plaintiff in error of certain language used by the trial court in Instruction No. 5. After carefully considering the entire instruction, it is our opinion that although the same may not be entirely free from criticism, yet it could hardly have misled the jury, especially when the instructions are considered as a whole, and the jury were advised by the court that it was their duty to so consider all the instructions.

Judgment affirmed.